IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,                    ORDER

      v.                                  11-cr-56-bbc-1

FOREST S. SHOMBERG,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A continued hearing on the probation office's petition for judicial review of Forest S. Shomberg's supervised release was held on September 14, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Elizabeth G. Altman. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was U.S. Probation Officer Shawn P. Robinson.

From the record and the parties' stipulation, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on November 10, 2011, following his conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 12 months, with a 24-month term of

supervised release to follow.

Defendant began his term of supervised release on May 22, 2012. On June 25, 2012, he violated the special condition requiring him to spend the first 12 months of his supervision in a residential reentry center when he was terminated from the Attic Correctional Services' Schwert House in Madison, Wisconsin before he had completed the program. As an alternative to revocation, he was placed at Rock Valley Community Programs in Janesville, Wisconsin to complete his 12-month placement. On August 19, 2012, he violated that special condition again when he was terminated unsuccessfully from Rock Valley.

Defendant violated Special Condition No. 5, requiring him to abstain from the use of alcohol, when he consumed alcohol on or about June 24, 2012 and again on or about August 18, 2012.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. His criminal history category is VI. With a Grade C violation, he was an advisory guideline range of imprisonment of 8 to 14 months. The statutory maximum to which he can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised

release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the advisory sentencing guideline range. The intent of this sentence is to hold defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on November 10, 2011, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of four months. A 24-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect, with the addition of the following condition:

Special Condition No. 6: Defendant is to spend up to the first twelve months of his supervision at the Fahrman Center, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

The probation office is to notify local law enforcement agencies and the state attorney general of defendant's release to the community.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 14th day of September 2012.

BY THE COURT:

/s/

BARBARA B. CRABB

U.S. District Judge